141  433
148  ⁵548

## MILLER *v.* WALKER.

### SAME *v.* McLAUGHLIN.

### APPEAL OF WALKER.

1. MORTGAGES—STIPULATIONS—TRUSTS—REQUEST TO TRUSTEE TO FORECLOSE.

   Where it was agreed that property, conveyed to a trustee to secure an obligation, should be sold at the written request of parties named, and a request to sell was duly made, the duty to foreclose the trust became operative.

2. ACTIONS—CONSOLIDATION—OBJECTIONS.

   Where a defendant's rights could be fully protected in a con-

solidated suit, he could not object to the order of consolidation on the ground that he should have been made a party by amendment to the original bill, though he might have gained additional time by that procedure.

3. SAME.

That a defendant, by an order of consolidation, was deprived of his right to file a cross-bill against a codefendant to compel a contribution to the indebtedness sued for does not entitle him to a reversal of the decree, where he may maintain an action at law against the codefendant for the amount due from him.

4. SAME.

Where a defendant might have appeared in either of the two suits, and filed a cross-bill against a codefendant to compel a contribution, but failed to do so, and failed to do so after the consolidation of the suits, the order of consolidation did not deprive him of rights sufficient to justify a reversal of the decree in the consolidated suit.

5. APPEAL—OBJECTION NOT MADE BELOW.

Objections to a decree foreclosing a mortgage, not made in the court below, will not be considered on appeal.

6. MORTGAGES — FORECLOSURE — COMMISSIONER'S DEED — RECORDING.

Under Act No. 200, Pub. Acts 1899, a commissioner's deed on mortgage foreclosure sale may be recorded on the same day he makes his report of the sale, though the order confirming the report is not made until a subsequent day.

Appeal from Wayne; Donovan, J. Submitted April 26, 1905. (Docket No. 90.) Decided September 28, 1905.

Bills by Sidney T. Miller, trustee, against Bryant Walker, trustee, Louise M. Jebb, and the Detroit Savings Bank to enforce a trust, and by the same complainant against Joseph R. McLaughlin, Robert J. McLaughlin, Collins B. Hubbard, Anna Georgina Hubbard, George Dingwall, and others to foreclose certain mortgage securities. The suits having been consolidated and a decree entered for complainant, defendants Walker and Jebb appeal. Affirmed.

*Miller, Smith, Alexander & Paddock,* for complainant.

*Walker & Spalding,* for appellants.

GRANT, J.   Separate appeals were taken in this case by defendants Walker and Mrs. Jebb, and other reasons urged against consolidation than those urged by the other appellants.   They also urge objections to the decree which affect them alone.   A separate opinion in their case is therefore necessary.

1. They urge that the consolidation was prejudicial to the defendant Jebb and deprived her of material rights, because:

(*a*) They insist that under the trust agreement of Walker, to foreclose which the second suit was brought, the duty to sell the trust property would not arise until there was an ascertained deficiency under the foreclosure of the original mortgage, so that the second suit was premature.   This appears to be based upon the theory that there was an extension of time to this trust agreement. The parties evidently desired to gain time.   Complainant refused.   Mr. Walker, in his testimony, says:

"There was no definite extension of this large mortgage for a period of five years, because it could not be obtained; but the understanding was that this was to provide means until we could sell."

So this trust agreement was assented to by Mr. Miller, to be sold by him upon the "written request of the Detroit Savings Bank, or of Sidney T. Miller, trustee, or both."   After some time the request was made, and the duty to foreclose the trust then became operative.

(*b*) It is also insisted that Walker and Mrs. Jebb should be made parties by an amendment to the original bill, and not by consolidation.   Mrs. Jebb's rights can be thoroughly protected in the consolidated suit.   She might have gained some additional time, if brought in by amendment, instead of by consolidation.   She is not otherwise prejudiced.

(c) It is next urged that by the consolidation Mrs. Jebb is deprived of the right to file a cross-bill against her co-defendant Moran, to compel him to contribute towards the payment of such portion of the indebtedness as was satisfied by the sale of her individual property, put up as collateral for the joint obligation of Mrs. Jebb and Mr. Moran through the trust agreement. If she is now deprived of that right in these chancery suits, she still may maintain a suit at law to recover the amount due from Mr. Moran. Mrs. Jebb might have appeared in either of the two suits and filed a cross-bill. She did not choose to do so, and we think now she is not entitled to have the decree reversed. Even upon the order of consolidation she might have asked leave to interpose a cross-bill for the protection of her rights as against Moran, and the court would undoubtedly have granted it. A court of chancery determines and settles the rights of all the parties to a transaction of this character, in order to avoid a multiplicity of suits. We think it is Mrs. Jebb's own fault that she has not put herself in the position which entitles her now to this remedy.

2. It is urged that the decree is erroneous (a) because interest was computed at an excessive rate; (b) because the proceeds of the sale of Mrs. Jebb's property are applied to her indebtedness to the Detroit Savings Bank, not yet due; (c) that the decree requires the sale of Mrs. Jebb's property to be made by a circuit court commissioner, instead of the trustee. No such claims were made in the court below, or upon filing objections to the report of the commissioner, or on entering the decree. The objections are made too late. *Belding* v. *Meloche*, 113 Mich. 223; *Beck* v. *Finn*, 122 Mich. 21.

3. It was next contended that the commissioner's deed was improperly executed and recorded before the consummation of the sale. The report of the commissioner was made November 3, 1904, and his deeds on the sale were recorded on the same day. The defendants moved to set aside the sale and vacate the deeds, and on the 21st of November an order was made by the court,

modifying and confirming the commissioner's report of sale and denying the motion to set aside the deeds. By Act No. 200, Pub. Acts 1899, it is provided that the circuit court commissioner shall upon such sale execute deeds, indorsing thereon the time when sale shall become operative, and shall within 20 days after such sale deposit the same with the register of deeds of the county. The recording was in conformity with this statute.

Decree is affirmed, with costs.

MOORE, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.