## REDFIELD *v.* REID.

1. APPEAL — SAVING QUESTIONS FOR REVIEW — OBJECTIONS NOT MADE BELOW.

    An objection to a decree granting foreclosure of a mortgage, not made in the court below, will not be considered on appeal.

2. MORTGAGES — FORECLOSURE IN CHANCERY — DECREE — TIME OF SALE.

    Where, in a suit to foreclose a first mortgage, a cross-bill is filed by a second mortgagee who has already procured a decree of foreclosure, the mortgagor is not entitled to have the cross-bill dismissed, and the cross-complainant relegated to his decree of foreclosure and sale in his original case and decreed to sell at once, since it is not in the power of the mortgagor or of the court to say when a mortgagee under his decree shall sell.

3. SAME—SALE—TIME TO REDEEM—SUFFICIENCY.

    Where a mortgagor had ample time to redeem before the rendition of a decree for foreclosure, and the land is not worth the amounts of the mortgages on it, an allowance of 11 days between the decree and sale is not unreasonable.

Appeal from Wayne; Mandell, J. Submitted April 10, 1907. (Docket No. 60.) Decided June 3, 1907.

Bill by John R. Redfield, Morgan G. Bulkeley, and
Meigs H. Whaples, trustees for the United States for the
Scottish Union & National Insurance Company, against
William Reid, the American Window Glass Company,
the William Reid Company, and others, for the foreclos-
ure of a mortgage. The American Window Glass Com-
pany filed an answer in the nature of a cross-bill for the
foreclosure of a second mortgage. From a decree for
complainant and cross-complainant, defendant William
Reid Company appeals. Affirmed.

The defendant William Reid and his wife on November
13, 1901, executed a mortgage for $40,000 to the trustees
of the Scottish Union & National Insurance Company
upon two parcels of land in the city of Detroit, named for
convenience "A" and "B." The complainants are suc-
cessors to the original mortgagees. Mrs. Reid died June
17, 1902. On December 15, 1903, Mr. Reid executed an-
other mortgage on parcel B to the defendant and cross-
complainant, the American Window Glass Company, for
$19,600. Subsequently Mr. Reid conveyed both parcels
to the defendant the William Reid Company by deed, in
which he agreed to pay these mortgages. Default was
made in payment of the mortgage to the American Win-
dow Glass Company, and it, on August 15, 1904, filed its
bill for foreclosure. The defendants answered, but by
stipulation a decree was entered for the sum of $20,854.
Notice of sale was published, but afterwards discontinued;
the Window Glass Company preferring to wait until the
complainants in this case commenced their foreclosure
suit.

The complainants made the American Window Glass
Company a defendant as subsequent mortgagee. The
defendant Glass Company filed an answer in the nature
of a cross-bill, setting up the proceedings under its mort-
gage, asking that parcel A be sold first, and, if the
amount realized upon the sale was insufficient to pay the
debt, that then parcel B should be sold to make up the

deficiency, and also that it have the right to redeem parcel B from such sale by paying the amount realized upon the sale of parcel B, and that the money so paid in the way of redemption be added to the amount due the company under its said mortgage and decree theretofore rendered. The defendant the William Reid Company answered, admitting certain allegations, neither admitting nor denying others, but denying that the American Window Glass Company was entitled to the relief sought by its cross-bill. The case was heard upon pleadings and proofs taken in open court, and decree entered for the complainants for $45,507.50, fixing the amount due the Glass Company at $22,074.04, ordering the marshaling of the assets, the sale of parcel A first, and parcel B second, if necessary to make up any deficiency, and—

"That the defendant the American Window Glass Company is entitled to have any moneys arising from the sale of parcel B over and above the amount necessary to pay up in full the amount so decreed to be due to the complainants, as aforesaid, with interest, costs, and expenses of sale, applied to the payment of the amount herein decreed to be due to the defendant American Window Glass Company, and for moneys advanced to redeem from the sale under the decree of said parcel B."

The only evidence of the value of the two parcels is that they are worth not to exceed $60,000. The decree also provided for a sale within 11 days, unless the amount of the decree were paid within that time.

*Miller, Smith, Alexander & Paddock,* for complainants.

*Altland & L'Esperance (Bernard B. Selling,* of counsel), for defendant American Window Glass Co.

*George W. Radford,* for defendant Wm. Reid Company.

GRANT, J. *(after stating the facts).* 1. No defense was made in the court below. It is conceded that the

mortgagor was in default, and that the amounts due on the two mortgages are correct. Counsel for the appellant, the William Reid Company, insists that the decree should be reversed and the cross-bill dismissed, and the cross-complainant be relegated to its decree of foreclosure and sale in its original case, and be decreed to take steps to sell at once. No such claim was set up in the answer or made upon the hearing in the court below. It cannot, therefore, be made in the appellate court. *Miller* v. *Walker*, 141 Mich. 433. If, however, the point were properly made, it could not be sustained. It is not in the power of the mortgagor to say when the mortgagee under his decree shall sell. Neither is it in the power of the courts. In this case it was most equitable and just to all parties that the sale under the decree of the Window Glass Company should await the foreclosure of the prior mortgage. It was entitled to a sale of parcel A first. The owner of the land was not prejudiced thereby.

2. Reversal is asked because of the short period between the decree and the sale. Counsel for the appellant contends that 11 days was not a reasonable time allowed for redemption before sale, citing *Detroit Savings Bank* v. *Truesdail*, 38 Mich. 430, and *Fifth Nat. Bank* v. *Pierce*, 117 Mich. 376. Since those decisions were rendered, the legislature, by Act No. 200, Public Acts 1899, required that the lands should not be sold within six months after the filing of a bill of foreclosure, and giving the mortgagor that time within which to redeem. Those decisions, therefore, have no application now. The claim, however, is without merit, for the appellant, defendant, and its grantor had had ample time to redeem before the decree was rendered. The land is not worth the amounts due under the mortgages. Under such circumstances we cannot hold that the time fixed by the decree was unreasonable.

The decree is affirmed, with costs.

McALVAY, C. J., and BLAIR, OSTRANDER, and HOOKER, JJ., concurred.