ROBB *v.* BOOMS.

1. SALES—SILOS—DEFECTS—NEGLIGENCE—QUESTIONS FOR JURY.

Evidence *held,* to have supported jury's verdict for plaintiff in his action to recover purchase price of 2 cement silos, where the testimony was in conflict as to whether the defects in the silos were due to plaintiff's own negligence, whether proper ensilage was used and whether the silos were fit for use subsequent to defendant's attempted repairs.

2. SAME—SILOS—INSTRUCTIONS—COMMENT ON EVIDENCE.

Instructions given in action to recover purchase price of 2 cement silos which defendant had erected on plaintiff's farm *held,* to have fairly presented case for jury's consideration, notwithstanding comments on the evidence, where the trial judge distinctly told the jury it was for them to decide what the facts were.

3. NEW TRIAL—WAIVER OF DEFENSES.

A defense first raised on motion for new trial is deemed to have been waived.

4. SALES—SILOS—REPAIRS—ACCEPTANCE.

Purchaser of 2 silos who used 1 of them after the seller had attempted to repair it and found it still defective did not by such usage accept the silos after rescinding his contract.

5. SAME—SILOS—ACCEPTANCE—PAYMENT OF NOTE.

Payment of outstanding note plaintiff had given to defendant, after latter had promised to repair silos for which the note had been given in part payment *held,* not to have constituted an acceptance of the silos.

6. SAME — PARTIES — SILOS — PERSONALTY — TITLE-RETAINING CONTRACT.

Silos sold under a title-retaining contract were expressly treated as personalty by the parties, notwithstanding attachment to real estate owned by plaintiff and his wife, hence, rescission of contract for breach of guarantee of materials and breach of implied warranty of fitness for use, by plaintiff alone was effective to entitle him to recover purchase price which he

REFERENCES FOR POINTS IN HEADNOTES

[3] 39 Am Jur, New Trial § 26; 41 Am Jur, Pleading § 321.
[4] 46 Am Jur, Sales § 254.
[5] 46 Am Jur, Sales § 255.
[6] 22 Am Jur, Fixtures § 20; 47 Am Jur, Sales § 942.

alone had agreed to pay, it being unnecessary to join wife as party.

**7. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS.**

Trial judge's references in his statement of plaintiff's claims in action for breach of guarantee as to materials, breach of implied warranty of fitness and for spoiled silage to plaintiff's complaints to publication in which he had seen silo seller's advertisements and to the Fair Trade Commission *held*, not of such a prejudicial nature as to require reversal.

Appeal from Huron; Cash (Paul R.), J., presiding. Submitted July 25, 1953. (Docket No. 80, Calendar No. 45,773.) Decided October 5, 1953.

Action by Roy Robb against Clarence Booms, doing business as Booms Silo Company, for amount paid for 2 silos. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Donald M. Habermehl,* for plaintiff.

*Thomas R. McAllister,* for defendant.

BUTZEL, J. Roy Robb, plaintiff, is the owner of a large farm principally devoted to dairy and grain products in Alpena county, Michigan. He also raises a few hogs. In 1949 he required a silo and upon answering an advertisement in the Michigan Farmer received a letter from defendant Clarence Booms, doing business as Booms Silo Company, located in Huron county, Michigan. It described defendant's silos, extolling their merits and representing that defendant put on 10 times more glazing than other companies did; that the glazing kept the silos air tight and leak proof and that the glazing should give lifetime service without any attention. Plaintiff was also called upon by one of defendant's salesmen. Booms had an excellent reputation and had built thousands of silos which he claims have given complete satisfaction except in a few negligible instances. He built the silos with specially prepared

cement staves, and cement claimed to be of the highest quality and manufactured by reputable concerns. The sand and gravel which he mixed with the cement for the foundation and walls he frequently obtained from his customer's farms or in the immediate vicinity, but otherwise he furnished all of the materials and labor to build the silos. Plaintiff gave defendant a written order dated May 10, 1949, for a large silo, and in order to take advantage of a discount offered by defendant he ordered an additional silo shortly thereafter. The purchase price for the 2 silos was $1,900. Both contracts contained a guarantee of the materials used in construction for a period of 5 years. The silos were both built by defendant at the same time in early June of 1949. Plaintiff testified that he helped defendant's crew unload the cement staves from the truck; that he noticed that they tended to crumble at their edges; that he called this fact to the attention of one of the men and was told that they had received a batch of poor gravel the previous winter. Shortly after the silos were completed, plaintiff put some grass silage in one silo and towards the end of the following September placed corn silage in the other. Serious defects showed up in both silos shortly after they were put in use. Defendant admits the claim in plaintiff's declaration to the extent that after the one silo was filled with corn silage large holes appeared in it and it leaked very badly, although he claimed that this was caused by the improper silage. Plaintiff presented testimony showing that before anything was put in either silo the glazing was badly checked and loose. Shortly after ensiling the corn he wrote to defendant, who sent the agent who had sold the silos to call on plaintiff. There was testimony to the effect that after inspecting them the agent stated that the one silo was a mess and would have to be rebuilt. There was also testimony that there were holes in both silos

and that the glazing was coming off in places. Plaintiff's photographs of the exterior of at least 1 of the silos, introduced as exhibits, bear out plaintiff's claim as to their very bad condition. In the early summer of 1950, defendant made an effort to repair them but, plaintiff claims, without success. Plaintiff brought suit to rescind the contract and to recover the purchase price. He alleged breach of the contract guarantee of materials as well as the additional implied warranty that the silos would be reasonably fit for use, CL 1948, § 440.15 (Stat Ann § 19.255), also recovery of damages for 25 tons of spoiled silage at $25 per ton. At the close of plaintiff's testimony the latter claim was amended to 35 tons of silage at $15 per ton. Defendant denies that plaintiff had the right to also rely on the implied warranty of fitness of the statute, and also disputes plaintiff's claims as to material facts. These questions were submitted to a jury which rendered verdict against defendant in the amount of $2,100 and interest. A question arose as to the computation of interest and plaintiff waived all interest.

On appeal defendant raises numerous questions. He insists that the verdict was against the overwhelming weight of the evidence in many respects. Defendant claims that all of the defects in the silos were due to plaintiff's own negligence; that before he ensiled any corn at all he was notified in a letter from defendant that the silos were not water towers and emphatically cautioned against ensiling corn before it was well dented and past the milk stage, but that such warning instructions were not heeded. Defendant claimed that plaintiff ensiled corn in the milk stage and containing too high a moisture content, that it built up great pressure and that leaking acid, resulting therefrom, ate into the cement. Plaintiff insisted that the corn had reached the proper stage before being ensiled; that he had

planted early in June and harvested the second or third week of September when it was in proper condition. There was also conflicting testimony as to whether or not the silos were fit for use subsequent to defendant's repairs. Other questions of fact were likewise presented, but it would serve no useful purpose to set forth the disputed testimony in detail. The judge, on motion for judgment *non obstante veredicto* in the alternative for a new trial, held adversely to defendant. He stated that the case consisted largely of questions of fact and was, therefore, a question of the credibility of the witnesses. We agree. There was sufficient testimony to support the jury's verdict, and it was not against the overwhelming weight of the evidence in any respect. The judge also held that many of the questions raised on the motion were not raised at the trial and that no motion for a directed verdict had been made so that defendant was not entitled to ask for a judgment *non obstante veredicto*. *Forman* v. *Prudential Insurance Company of America,* 310 Mich 145. Complaint is made of his comments on the evidence, but as the judge stated, while he hastily reviewed the testimony in his charge, he distinctly told the jury that it was for them to decide what the facts were. The charge was a fair one.

Claim is also made that plaintiff is not entitled to rescind because subsequent to his letter of June 13, 1950, in which he tendered back the silos and demanded a return of their purchase price, he made use of one of the silos by putting some hay in it and did not fill the other silo only because he did not have any corn with which to fill it, thereby treating them in a manner inconsistent with their rejection and constituting an acceptance of the silos as a matter of law. This defense was first raised on the motion for a new trial and is, therefore, deemed waived. *Tishhouse* v. *Schoenberg,* 234 Mich

271. The only person to attempt to fix the time of the repairs was plaintiff, who said that they were made in June or July of 1950. Plaintiff did try out one of the silos after the attempt to repair was made and found it still defective, and thereupon made no further use of either silo. Plaintiff had a right to test the silos after defendant's futile attempt to repair them. Defendant calls attention to numerous cases where a plaintiff, after rescission of a contract for certain kinds of personal property, acted inconsistently and continued to use the personalty in such a way as to constitute an acceptance. Such is not the instant case. It resembles more that of the *American Glue Company* v. *Rayburn,* 150 Mich 616.

It is further claimed that plaintiff accepted the silos because after discovering the defects in the silos he paid an outstanding note given to defendant, and thus lived up to his obligation. However, the note was paid after defendant's promise that he would repair the silos.

Defendant further contends that plaintiff did not show who owned the farm but referred to it in his testimony as "my farm" and that since the farm stood in the name of plaintiff and his wife, the latter should have been a coplaintiff; that the silos were attached to the real estate and no longer personal property so that they could not be returned; and that CL 1948, § 440.15 (Stat Ann § 19.255) is inapplicable in this case. The contracts were made by plaintiff alone; they treated the silos solely as personal property; they provide in part that the ownership of the silos and attachments should remain in defendant until fully paid for; they further provide for repossession in the event of plaintiff's default; and they follow the usual provisions of a title-retaining contract for the sale of personal property. The parties thus, by express agreement, treated the silos as personalty and defendant's con-

tention that they are not, therefore, lacks merit. *Michigan Trust Company* v. *Grand Rapids Hotel Company,* 265 Mich 328.

Error is also claimed in that the trial judge, in setting forth plaintiff's claims, referred to plaintiff's testimony in regard to complaints that he made to the Michigan Farmer, a publication, and to the Fair Trade Commission. We have examined the various objections in detail. We shall not discuss them for even if they had any merit, they would not be of such a prejudicial nature as to warrant reversal.

Judgment for plaintiff is affirmed, with costs.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.