SPENCER *v.* BLACK.

1. APPEAL AND ERROR—HUSBAND AND WIFE—ESTATES BY ENTIRETIES—BINDING EFFECT OF WIFE'S ORAL PROMISE.

   Whether or not a married woman can be bound, by an oral promise, for materials furnished and services performed on property held by the entireties, cannot be raised for the first time in the Supreme Court.[1]

2. SAME—FORM OF JUDGMENT—STATUTES.

   An objection that the form of the judgment, even if there was a joint liability in assumpsit, was not in manner

---

[1] Appeal and Error, 3 C. J. § 593.

and form as prescribed by statute (Act No. 158, Pub. Acts 1917, § 4), will not be considered by the Supreme Court where the record fails to show that it was called to the attention of the trial court.[a]

Error to Calhoun; North (Walter H.), J. Submitted October 13, 1925. (Docket No. 56.) Decided December 22, 1925.

Assumpsit by John Wesley Spencer against William E. Black and Eva A. Black for services rendered. Judgment for plaintiff. Defendant Eva A. Black brings error. Affirmed.

*N. A. Cobb* and *M. B. Allen,* for appellant.

*Mechem & Mechem,* for appellee.

CLARK, J. Defendants, husband and wife, owned a house and lot as tenants by the entireties. Plaintiff, claiming to have furnished labor and materials for improving and repairing the dwelling and funds used to pay taxes and to pay interest and principal of a mortgage covering the property, sued to recover. The declaration has an assumpsit count. Judgment in usual assumpsit form was entered against both defendants. Defendant Eva A. Black seeks review on error, without bill of exceptions, under Supreme Court Rule No. 11. Appellant raises two questions. The first, quoting:

"The sole question of law involved here is, whether or not a married woman can be bound, by an oral promise, for materials furnished and services performed on property held by entireties."

The record does not show that this question was brought to the attention of the trial court. It cannot be raised here for the first time.

The second, quoting:

---

[a] Appeal and Error, 4 C. J. § 1651.

"Counsel contend that the form of the judgment, even if there was a joint liability in assumpsit, was not in manner and form as prescribed by statute. Act No. 158, Pub. Acts 1917, § 4 (Comp. Laws Supp. 1922, § 11488 [4])."

For the reason that the record does not show that the attention of the trial court was called to this matter, it will not be considered here. *Gill* v. *DeArmant*, 90 Mich. 425; *Miller* v. *Walker*, 141 Mich. 433; *Menery* v. *Backus*, 107 Mich. 329; *Kingsnorth* v. *Baker*, 213 Mich. 294.

Judgment affirmed.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.