NAPIER v JACOBS

Docket No. 77772. Argued March 5, 1987 (Calendar No. 23). Decided October 30, 1987. Rehearing denied *post,* 1213.

Michael Napier and Linda Napier brought an action in the Wayne Circuit Court against the City of Highland Park and Jeffrey Jacobs, Ted Maruszewski, and William Chidester, Highland Park police officers, alleging violations of Michael Napier's civil rights under 42 USC 1983 as a result of racially charged horseplay among fellow officers which resulted in the shooting of Michael Napier. The court, Arthur M. Bowman, J., entered judgment on a jury verdict for the plaintiffs against the city and the police officer who shot Michael. The Court of Appeals, V. J. BRENNAN, P.J., and ALLEN and GRIBBS, JJ., reversed, finding insufficient evidence to support the jury's verdict, and ordered judgment in favor of the city, notwithstanding the defendant's failure to challenge the sufficiency of the evidence at trial with motions for a directed verdict, for judgment notwithstanding the verdict, or for a new trial (Docket No. 62946). The plaintiffs appeal.

In an opinion by Justice BOYLE, joined by Chief Justice RILEY and Justices CAVANAGH, ARCHER, and GRIFFIN, the Supreme Court *held:*

The issue of the sufficiency of the evidence was not preserved for review. The defendant failed to raise the issue in a timely motion at trial, and no extraordinary circumstances which amount to a miscarriage of justice were shown.

1. Absent circumstances compelling action to avoid a miscarriage of justice, failure to raise an issue at trial in a timely manner waives review of the issue on appeal. Where the sufficiency of the evidence is challenged, entry of the challenge at the close of a party's evidence, or even after the jury's verdict is rendered, has the advantage of raising deficiencies and permitting remedy of defects, thereby avoiding the time and expense of appellate review and a new trial.

2. In this case, at the time of trial, a motion for a directed

REFERENCES

Am Jur 2d, Appeal and Error §§ 607 *et seq.,* 797 *et seq.*
See the annotations in the Index to Annotations under Appeal and Error.

verdict was a procedural prerequisite to a subsequent motion for a judgment notwithstanding the verdict. The city did not challenge the sufficiency of the evidence to support a verdict for the plaintiffs either in a motion for a directed verdict or in postverdict motions before the trial court. Additionally, on appeal, the defendant failed to show a miscarriage of justice or manifest injustice. The importance of the constitutional right to a trial by jury, combined with basic premises of trial advocacy and judicial efficiency, outweighs the city's undocumented claims of injustice.

Reversed.

Justice LEVIN, joined by Justice BRICKLEY, concurring in part and dissenting in part, agreed that the Supreme Court, as a matter of policy, should declare that the Court of Appeals should not review the sufficiency of evidence in the absence of a motion for judgment notwithstanding the verdict, and that the trial court's assessment of the record regarding the sufficiency of the evidence should precede assessment by the Court of Appeals. In this case, the jury's verdict should not be reinstated; rather, the reversal of the decision of the Court of Appeals should be accompanied by a remand to the Court of Appeals for consideration of whether, in the exercise of its discretion, the case should be remanded to the trial court for consideration of a delayed motion for judgment notwithstanding the verdict asserting insufficient evidence to support the verdict. Just as reversal of the trial court by the Court of Appeals without remand to the trial court is erroneous because it deprives the trial court of the power to exercise its discretion whether to order a new trial, so reversal by the Supreme Court of the Court of Appeals without remand to the Court of Appeals is erroneous because it deprives that Court of the power to exercise its discretion whether to remand the case to the trial court to consider a delayed motion for judgment notwithstanding the verdict asserting that the evidence is insufficient to support the verdict.

The majority, while stating that the Court of Appeals may consider the sufficiency of evidence even though a defendant makes no motion for judgment notwithstanding the verdict in the trial court, so long as there is a showing of compelling or extraordinary circumstances amounting to a fundamental miscarriage of justice, fails to indicate what would constitute such circumstances, whether the circumstances must appear on the record or whether the Court of Appeals may remand the case to the trial court to permit expansion of the record, and, if so, why such remand should not be ordered in this case.

Both liberty and property are protected under the Due Pro-

cess Clause. The majority does not offer justification for suggesting that in a civil case, as distinguished from a criminal case, a judgment based on insufficient evidence is not violative of the Due Process Clause or that insufficiency of evidence should not be recognized as plain error justifying appellate court intervention in the absence of preservation of the issue. A distinction should not be made between the findings of a trial judge and a jury verdict in determining whether there is plain error justifying such intervention.

145 Mich App 285; 377 NW2d 879 (1985) reversed.

APPEAL — FAILURE TO RAISE ISSUE — SUFFICIENCY OF EVIDENCE.

Failure to raise an issue properly at trial, including the sufficiency of evidence to support a verdict, waives review of the issue, absent circumstances compelling action to prevent a miscarriage of justice.

*Theodore Spearman (Julie H. Hurwitz,* of counsel) for the plaintiffs.

*James W. McGinnis* for defendant City of Highland Park.

BOYLE, J. In the instant case, the Court of Appeals found insufficient evidence to support the jury verdict in favor of the plaintiffs. It therefore ordered judgment in favor of the city, notwithstanding the defendant's failure to challenge the sufficiency of the evidence at trial with motions for a directed verdict, for judgment notwithstanding the verdict, or for a new trial. We reverse the decision of the Court of Appeals because defendant failed in this civil case to preserve the issue of the sufficiency of the evidence by proper motions at trial, and no extraordinary circumstance creating a miscarriage of justice has been presented to obviate the normal rule that to preserve an issue for appellate review, it must be properly raised at trial.

I

FACTS

Michael Napier and his wife filed suit under 42 USC 1983 against defendant City of Highland Park and individual city police officers for violation of Mr. Napier's civil rights. The jury awarded $60,000 in damages against the city in Mr. and Mrs. Napier's favor.

The immediate facts concerning Mr. Napier's injury are described in the Court of Appeals decision, 145 Mich App 285, 288-289; 377 NW2d 879 (1985):

> The case arose out of events which occurred on October 14, 1976, when plaintiff Michael Napier was shot by a fellow Highland Park police officer, Jeffrey Jacobs, who was off duty at the time. Plaintiffs brought suit alleging state law causes of action against Jacobs and two other police officers (Red [sic] Maruszewski, who was also off duty, and William Chidester, who was Jacobs's partner), both of whom witnessed the shooting. Defendant City and the three individual officers were also sued under 42 USC 1983. A verdict was returned against Jacobs in the amount of $50,000 for the state claims and $25,000 for the 42 USC 1983 deprivation of civil rights claim. Verdicts of no cause of action were returned in favor of Chidester and Maruszewski. Jacobs is not a party to this appeal.
>
> Testimony established that on October 14, 1976, Napier, a black rookie police officer, was partnered with defendant Chidester, who was white. They were working the midnight shift, which had begun at 11:00 P.M. on October 13. Chidester, as the senior officer, drove their patrol car. While on patrol, Chidester stopped the car to talk with two other officers who informed Napier and Chidester that they had put some Communist Workers' Party bumper stickers on the cars of two white off-

duty police officers, Jacobs and Maruszewski, who were in a local bar at the time. Chidester parked the patrol car across the street from the bar to observe Jacobs's and Maruszewski's reaction to the bumper stickers. Later that evening, while Chidester and Napier patrolled, Chidester observed Maruszewski's car parked illegally in front of a taxicab dispatch office on Pasadena. Napier and Chidester went up to the office and found Jacobs and Maruszewski inside. Jacobs, who drove a taxicab part-time, testified that he went to the dispatch office to inquire about getting a bond plate to carry passengers in the City of Detroit.

Chidester made a comment to Jacobs to the effect that "I didn't know you were a liberal," apparently referring to the bumper stickers. Jacobs suggestively grabbed his groin and then called Chidester a "cocksucker." Chidester pulled his service revolver, suggesting that Jacobs "suck on this." Jacobs retorted with "here's yours" and then drew his pistol. Maruszewski also drew his gun.

The focus then turned to Napier, the only officer who had not drawn his gun. Jacobs pointed his gun at Napier, saying "I think I'll shoot an ahbed." Ahbed is Syrian slang terminology for blacks. Napier testified that Jacobs approached him and said he was going to "blow his guts out," to which Napier replied "go ahead, I'm wearing a flak vest. I need it tested anyway." Jacobs then said he would blow Napier's brains out and he pointed the gun in the direction of Napier's head. Napier replied, "If I had any brains I would not be here." According to Napier, Maruszewski commented that a bullet would just bounce off Napier's head since what was in there were rocks. Napier testified that Jacobs then turned away saying something like "stupid nigger." Napier then retorted "mighty funny you didn't tell anybody I was your long lost brother." Jacobs then turned around toward Napier and the gun discharged into Napier's abdomen.

Mr. Napier's suit charged that the city's customs

and direct participation in and deliberate indifference to systematic patterns of reckless firearm handling and racially charged verbal "horseplay" among police officers resulted in Mr. Napier's gunshot wound. The jury found against the city and against the officer who shot Mr. Napier. At trial, the city did not challenge the sufficiency of the evidence with motions for directed verdict, motions for judgment notwithstanding the verdict, or motions for a new trial. Judgment for Mr. Napier was entered, and the defendant city appealed.

On September 3, 1985, the Court of Appeals reversed the jury's verdict and ordered entry of judgment in favor of the city, notwithstanding the jury verdict. The Court of Appeals ruled that the plaintiffs' proofs were insufficient as a matter of law to establish municipal liability under 42 USC 1983 and that the evidence failed to establish a prima facie case of reckless supervision or a custom of reckless firearm handling as required by *Monell v Dep't of Social Services of the City of New York,* 436 US 658; 98 S Ct 2018; 56 L Ed 2d 611 (1978). The Court of Appeals also ruled that, while there was sufficient proof to establish a city custom of tolerating racially derogatory language between officers, there was insufficient evidence to establish a causal connection between this custom and the shooting.

II

A general rule of trial practice is that failure to timely raise an issue waives review of that issue on appeal. See *Spencer v Black,* 232 Mich 675; 206 NW 493 (1925) (issue raised for the first time on appeal not properly before the Court); *Molitor v Burns,* 318 Mich 261, 263-265; 28 NW2d 106 (1947) (failure to renew motion for directed verdict at

close of defendant's case waived any error). Generally, to preserve an issue for appellate review, it must be properly raised at trial. *Kinney v Folkerts,* 84 Mich 616, 625; 48 NW 283 (1891) ("[p]arties cannot remain silent, and thereby lie in wait to ground error, after the trial is over, upon a neglect of the court to instruct the jury as to something which was not called to its attention on the trial, especially in civil cases"); *Moden v Superintendents of the Poor,* 183 Mich 120, 125-126; 149 NW 1064 (1914) (statute of limitations defense waived by failure to raise it at trial); *Miller v Cook,* 292 Mich 683, 688-689; 291 NW 54 (1940) (absent proper motion for a directed verdict of negligence as a matter of law, the question cannot be raised on appeal); *Taylor v Lowe,* 372 Mich 282, 284; 126 NW2d 104 (1964) ("counsel may not stand by, electing as we must assume to 'take his chances on the verdict of the jury' [citations omitted] and then raise questions which could and should have been raised in time for corrective judicial action"). The rule is based upon the nature of the adversary process and the need for judicial efficiency. 3 LaFave & Israel, Criminal Procedure, § 26.5(c), pp 251-252, summarizes the basis for this rule:

"There are many rationales for the raise-or-waive rule: that it is a necessary corollary of our adversary system in which issues are framed by the litigants and presented to a court; that fairness to all parties requires a litigant to advance his contentions at a time when there is an opportunity to respond to them factually, if his opponent chooses to; that the rule promotes efficient trial proceedings; that reversing for error not preserved permits the losing side to second-guess its tactical decisions after they do not produce the desired result; and that there is something unseemly about telling a lower court it was wrong

when it never was presented with the opportunity to be right. The principal rationale, however, is judicial economy. There are two components to judicial economy: (1) if the losing side can obtain an appellate reversal because of error not objected to, the parties and public are put to the expense of retrial that could have been avoided had an objection been made; and (2) if an issue had been raised in the trial court, it could have been resolved there, and the parties and public would be spared the expense of an appeal." [Quoting *State v Applegate,* 39 Or App 17, 21; 591 P2d 371 (1979).]

In the case of a challenge based upon an asserted insufficiency of the evidence, a challenge entered at the close of a party's evidence has the advantage of pointing out deficiencies in a case before the additional judicial expense of jury deliberations occurs. A party faced with a challenge during trial might well be able to remedy an insufficiency without the time and expense of *appellate* review followed by a new trial. While, in general, motions for directed verdict under MCR 2.515 are no longer required in order to move for judgment notwithstanding the verdict under MCR 2.610, as a matter of trial technique, challenges to the sufficiency of the evidence are certainly appropriate, if not required, at the close of the opponent's case. At the time of trial in the instant case, a motion for a directed verdict was a procedural prerequisite to a later motion for judgment notwithstanding the verdict under GCR 1963, 515.2.

A challenge to the sufficiency of the evidence before a case goes to the jury can also save precious judicial resources and allow a party to remedy defects which might otherwise result in a new trial. Even a challenge first brought after a jury verdict, but before appeal, could avoid the societal and judicial costs of lengthy appellate procedures.

In the instant case, however, the sufficiency of the evidence was not challenged either in a motion for directed verdict or in postverdict motions before the trial court. Under GCR 1963, 515.2, in effect at the time of the instant trial, any right to a judgment notwithstanding the verdict on the basis of insufficiency of the evidence was waived with defendant's failure to request a directed verdict on the basis of the insufficiency of the evidence. The defendant asserts a right to allow a civil trial to go full-term, with a jury verdict rendered in plaintiff's favor and judgment entered pursuant to that verdict, with no objection raised during trial to the sufficiency of the evidence, and then to raise a challenge to the sufficiency of the evidence for the first time on appeal and receive judgment in its favor notwithstanding the jury verdict. Such a procedure is improper. As we said in *Tishhouse v Schoenberg,* 234 Mich 271, 272; 207 NW 866 (1926),

> If defendant's counsel conceived that no case had been made against defendant at the close of the proofs, it was their duty to request the court to so charge. Not having preferred any such request or made such a motion, but on the contrary having treated the case as one for the jury and preferred requests on that theory, they cannot now complain in this court that the trial judge should have so charged.

See also *Biltmore Land Co v Roney,* 269 Mich 317, 321; 257 NW 710 (1934) (absent a motion for a directed verdict at trial, an appellate court cannot consider whether the evidence was insufficient to support the verdict). As in *Tishhouse,* the defendant here treated the case as one for the jury and submitted proposed jury instructions on that basis with no intimation that there was insufficient evidence to submit the case to the jury.

Defendant argues that this Court, in *Arnsteen v U S Equip Co,* 390 Mich 776-777 (1973), held that a claim of insufficient evidence to support a verdict or decision can be raised on appeal without a motion for a new trial. It is important to note that in *Arnsteen* there was no jury verdict involved, but rather findings of fact by a trial judge sitting without a jury. *Arnsteen v U S Equip Co,* 52 Mich App 177; 217 NW2d 61 (1974). In *Arnsteen,* the right to a jury trial under Const 1963, art 1, § 14 was not implicated:

> The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law. In all civil cases tried by 12 jurors a verdict shall be received when 10 jurors agree.

Michigan courts, in considering motions for a directed verdict and for judgment notwithstanding the verdict, are cognizant of the delicate balance between the constitutional right to a jury trial, on the one hand, and the proper judicial exercise of the rules of civil procedure, on the other.[1] In

---

[1] Indeed, at common law, a judgment contrary to a jury verdict could only be entered where some portion of a jury verdict, i.e., a special verdict inconsistent with the overturned verdict, supported the judgment non obstante veredicto or judgment notwithstanding the verdict. *Central Savings Bank v O'Connor,* 132 Mich 578, 581; 94 NW 11 (1903) (judgment notwithstanding the verdict for plaintiff was improper even though the parol evidence supporting the jury verdict for the defendant was erroneously admitted); *Prowell v Neuendorf,* 141 Mich 272; 104 NW 666 (1905) (judgment notwithstanding the verdict was improperly granted to the defendant on motion for a new trial because there was no verdict to support the judgment; new trial ordered).

The Empson Act, 1915 PA 217, 1915 CL 14568, provided that a trial court could reserve its decision on a motion for directed verdict and, after the jury verdict, decide that the party requesting the directed verdict was entitled to the verdict and enter a judgment notwithstanding the verdict. The case law pursuant to the Empson Act declared that a directed verdict motion was a prerequisite for a judgment notwithstanding the verdict, *Robb v Booms,* 337 Mich 583;

discussing the proper standard for granting motions for directed verdicts and judgments notwithstanding the verdicts on the basis of insufficiency of the evidence, see *Yacobian v Vartanian,* 221 Mich 25; 190 NW 641 (1922), and the commentary to the 1985 Michigan Court Rules:

At best any standard describes an approach or judicial attitude. The dominant characteristics of the approach or attitude in Michigan are that the right to trial by jury must be preserved, and that directed verdicts are drastic steps which should not be taken unless reasonable men could not differ on each and every element of the party's claim. [Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), R 2.515, § 5, p 229.]

The Court of Appeals acknowledged the general

60 NW2d 469 (1953), and that the motion for judgment notwithstanding the verdict could only raise grounds fairly supported by the motion for a directed verdict, *Berry v Detroit,* 341 Mich 702; 69 NW2d 145 (1955).

In 1963, the General Court Rules were adopted. GCR 1963, 515.2, as originally proposed, required a motion for a directed verdict as a prerequisite for a motion for judgment notwithstanding the verdict. Final Report, Joint Committee on Michigan Procedural Revision, Part III, 1960, Rule 515.2, p 142. As originally adopted, the language of the rule was ambiguous. An amendment proposed on May 17, 1963, would have eliminated the motion for a directed verdict as a prerequisite for a motion for judgment notwithstanding the verdict. However, on October 1, 1963, the Court adopted the position originally recommended by the committee, and required a directed verdict as a prerequisite to a motion for judgment notwithstanding the jury verdict. As ultimately adopted, GCR 1963, 515.2 required a motion for a directed verdict as a prerequisite for a motion for judgment notwithstanding the verdict. The requirement of a motion for a directed verdict as a prerequisite to a motion for judgment notwithstanding the verdict was obliquely referenced in *Smith-Douglass v Walch,* 391 Mich 201, 205; 215 NW2d 142 (1974) (motion for new trial did not include a motion for judgment notwithstanding the verdict where no motion for a directed verdict was made).

Currently, MCR 2.610 has eliminated the procedural requirement of a motion for directed verdict before moving for a judgment notwithstanding the verdict. The need for a motion in the trial court for a judgment notwithstanding the verdict has not, however, been obviated under the 1985 court rules.

rule that an issue not properly raised at trial is waived, but then noted the exception that review is permissible "to prevent a miscarriage of justice." 145 Mich App at 290. Most jurisdictions recognize the authority of an appellate court to review an issue, even where the issue was not preserved, when some fundamental error would otherwise result in some egregious result. LaFave & Israel, *supra,* § 26.5(d). This Court has ruled that such power of review is to be exercised quite sparingly:

> While this Court does have inherent power to review even if error has not been saved—*People v Dorrikas* (1958), 354 Mich 303 [92 NW2d 305]— such inherent power is to be exercised only under what appear to be compelling circumstances to avoid a miscarriage of justice or to accord a [criminal] defendant a fair trial. There is nothing before us in this record to invoke such power. [*People v Farmer,* 380 Mich 198, 208; 156 NW2d 504 (1968) (question of voluntariness of a defendant's confession waived by failure to raise it in pre-*Walker* trial).]

The instant case does not involve, for example, a criminal defendant faced with imprisonment who claims for the first time on appeal that the evidence at trial was insufficient to support the verdict.[2] Defendant raises no injustice other than the loss of a favorable jury verdict. While defendant asserts that manifest injustice and a miscarriage of justice would occur if appellate review of the sufficiency of the evidence were denied in the instant case, defendant fails to describe the nature

---

[2] If a criminal defendant were to allege a plain error at trial concerning insufficiency of the evidence, appellate review might well be the only remedy. A malpractice claim based upon ineffective assistance of counsel, for example, could hardly compensate a wrongfully convicted person for undeserved imprisonment in a state prison.

of that injustice. More than the fact of the loss of the money judgment of $60,000 in this civil case is needed to show a miscarriage of justice or manifest injustice. A contrary ruling in the instant case would, in effect, impose a duty in every civil case on the trial judge to review sua sponte the sufficiency of the evidence and to grant unrequested verdicts.[3] Such a rule would be in patent conflict with our adversary system of civil justice.

In ruling on the sufficiency of the evidence without proper motions at trial preserving the issue and without a showing of a miscarriage of justice, the Court of Appeals arguably exceeded its appellate authority. The Court of Appeals is a court of limited authority. Const 1963, art 6, § 10, provides:

> The jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court.

Absent proper motions in the trial court, there was no order or ruling of the lower court upon

---

[3] Federal practice recognizes the possibility of granting a new trial, in the absence of proper motions for directed verdict and for judgment notwithstanding the verdict, because there is absolutely no evidence to support an element of a jury verdict. See, generally, 5A Moore, Federal Practice, ¶ 50.12, pp 50-90 to 50-91. It is important to note, however, that this remedy is dependent upon a proper motion for a new trial in the trial court. *Della Grotta v Rhode Island,* 781 F2d 343, 350, n 9 (CA 1, 1986); *Scientific Holding Co, Ltd,* 510 F2d 15, 28 (CA 2, 1974). In other cases which order a new trial because of an absence of any evidence, a motion for a new trial was made. See, e.g., *DeMarines v KLM Royal Dutch Airlines,* 580 F2d 1193, 1195-1196 (CA 3, 1978); *Coughlin v Capitol Cement Co,* 571 F2d 290, 297 (CA 5, 1978); *Urti v Transport Commercial Corp,* 479 F2d 766, 769 (CA 5, 1973). While some cases do not expressly state whether a motion for a new trial was properly made, we have located no appellate case granting a new trial for an absence of any evidence to support the jury verdict despite the lack of a motion for new trial. Since no motion for a new trial was made in the instant case, there is no basis for granting a new trial on the basis of any alleged insufficiency of the evidence.

which to base normal appellate review under the court rules. Absent "compelling circumstances" requiring action "to avoid a miscarriage of justice," *People v Farmer, supra,* 208, case law provided no basis for appellate review of the unpreserved issue of the sufficiency of the evidence.

The importance of the constitutional right to a jury trial, combined with basic premises of trial advocacy and judicial efficiency, outweighs the defendant's undocumented claims of injustice if the sufficiency of the evidence is not reviewed. The alleged insufficiency was not manifest enough for the city to make it an issue at trial, and no extraordinary basis for exploring it on appeal has been advanced. Therefore, the decision of the Court of Appeals was improper and must be reversed.

## III

Other state courts have declared the rule that, absent proper motions for a directed verdict or for judgment notwithstanding the verdict, the sufficiency of the evidence supporting a jury verdict in a civil case cannot be questioned on appeal. The failure to make proper motions in a civil jury trial challenging the sufficiency of the evidence generally results in waiver. See, e.g., *Bains v Jameson,* 507 So 2d 504 (Ala, 1987) (plaintiffs waived the right to question the sufficiency of evidence on appeal by failing to move for a directed verdict or judgment notwithstanding the verdict); *Southwestern Bell Telephone v Mid-State Construction Co,* 285 Ark 413; 688 SW2d 278 (1985) (civil procedure rule 50[e] provides that failure to file motions for a directed verdict or for judgment notwithstanding the verdict waives any question of the sufficiency of evidence supporting a jury verdict); *Lambert v*

*Yellowbird, Inc,* 496 NE2d 406 (Ind App, 1986) (failure to raise sufficiency questions in a motion to correct errors waived the right to appellate review); *Yeargin v Harvey Spurr, Jr,* 78 NC App 243; 336 SE2d 680 (1985) (failure to move for a directed verdict or for judgment notwithstanding the verdict waived the right to challenge the sufficiency of the evidence supporting the jury verdict); *Michnik-Zilberman v Gordon's Liquor, Inc,* 390 Mass 6; 453 NE2d 430 (1983) (failure to renew a motion for a directed verdict at the close of a case resulted in waiver of the right of review of the sufficiency of the evidence); *Drouillard v Jensen Construction Co,* 601 P2d 92 (Okla, 1979) (failure to move for a directed verdict at the close of the evidence resulted in waiver of the question of the sufficiency of the evidence supporting the jury's verdict).

Federal courts reach the same result. In *Young v Langley,* 793 F2d 792, 795 (CA 6, 1986), cert den 479 US —; 107 S Ct 436; 93 L Ed 2d 385 (1986), the Sixth Circuit held that the sufficiency of the evidence question had been waived:

> The present case was tried to a jury on the facts. Although defendants made a motion for directed verdict at the close of plaintiff's proofs, no motion for directed verdict was made at the close of all the proofs. Not only does this omission preclude our review of this issue, the fact that no motion for [judgment notwithstanding the verdict] was made by defendants also prevents this Court from ruling on this matter. Since our review is limited by the trial judge's rulings on motions for directed verdict or [judgment notwithstanding the verdict] and since no directed verdict or [judgment notwithstanding the verdict] motion was made at the close of the proofs, we hold that the sufficiency of the evidence challenge has not been properly preserved for appeal.

Similarly, the Fifth Circuit rule is that the failure to challenge the sufficiency of the evidence at trial generally results in waiver of the issue on appeal. *Pounds Photographic Labs, Inc v Noritsu America Corp,* 818 F2d 1219 (CA 5, 1987); *Dunn v Sears, Roebuck & Co,* 639 F2d 1171, 1175 (CA 5, 1981) (absent a motion for a directed verdict, sufficiency of the evidence is not reviewable on appeal). See also *Cone v West Virginia Pulp & Paper Co,* 330 US 212; 67 S Ct 752; 91 L Ed 849 (1947) (absent a motion for judgment notwithstanding the verdict below, an appellate court cannot foreclose the right to new trial by directing judgment notwithstanding the verdict); *Johnson v New York, N H & H R Co,* 344 US 48; 73 S Ct 125; 97 L Ed 77 (1952) (absent a timely motion for judgment notwithstanding the verdict in the trial court, neither the trial court nor an appellate court could enter such judgment). Absent proper trial motions, a federal district court has no inherent power to grant a judgment notwithstanding the verdict on the basis of the insufficiency of the evidence; absent proper motions below, a federal appellate court has no jurisdiction to direct a judgment notwithstanding the verdict for insufficient evidence. Anno: *Judgment notwithstanding verdict,* 69 ALR2d 449, §§ 11, 17.

The rule we apply in the instant case is thus not unusual, unexpected, or unsatisfactory. A rule allowing an alleged insufficiency in the evidence to be asserted for the first time on appeal would comport neither with the adversary process, judicial efficiency, nor public policy interests.

IV

CONCLUSION

In the instant case, no showing of compelling or extraordinary circumstances amounting to a fun-

damental miscarriage of justice has been made. Therefore, appellate review of the sufficiency of the evidence supporting the jury verdict for the plaintiff has been waived by defendant's failure to raise the issue in a timely motion at trial. The decision of the Court of Appeals is reversed.

RILEY, C.J., and CAVANAGH, ARCHER, and GRIFFIN, JJ., concurred with BOYLE, J.

LEVIN, J. The judgment of the Court of Appeals should, we agree, be vacated.[1] We also agree that this Court should, as a matter of policy, declare that the Court of Appeals should not review the sufficiency of the evidence absent a motion for judgment notwithstanding the verdict. Trial court assessment of the record regarding the sufficiency of the evidence should precede assessment by the Court of Appeals. The trial court can aid the appellate court in making a further assessment on appellate review by providing "a concise statement of the reasons for the ruling"[2] granting or denying a judgment notwithstanding the verdict, and can conditionally rule on whether a new trial should be granted.

Our principal disagreement is that we would not reinstate the jury verdict for the plaintiffs, but

[1] The Court of Appeals may not, on a finding of insufficiency of the evidence, direct the entry of a judgment for the defendant unless the trial court has had an opportunity to consider whether a new trial should be ordered at which the plaintiff would have an opportunity to attempt to cure the insufficiency in the evidence. Cf. *Cone v West Virginia Pulp & Paper Co,* 330 US 212, 214; 67 S Ct 752; 91 L Ed 849 (1947); 5A Moore, Federal Practice, ¶ 50.05[01].

The Court of Appeals might remand to the trial court for a new trial, or to the trial court to determine whether a new trial should be granted. Cf. MCR 2.610(E)(2). We recognize that subparagraph (2) is only applicable if a motion for judgment notwithstanding the verdict has been filed. But the concept there expressed might be invoked whenever the Court of Appeals finds that the evidence was insufficient.

[2] MCR 2.610(B)(3).

would rather accompany the reversal of the Court of Appeals with a remand to that Court so that it can consider whether, in the exercise of its discretion, to remand to the trial court to consider a delayed motion for judgment notwithstanding the verdict asserting that there was insufficient evidence to support the verdict.

I

The Court of Appeals may permit any nonjurisdictional act to be done after expiration of the time designated therefor on a motion "showing that there was good cause for delay or that it was not due to the culpable negligence of the party or attorney."[3] To be sure, no such motion has been filed, but the Court of Appeals has in a sense exercised its discretion in favor of the defendant by considering whether the evidence was sufficient and finding it to be insufficient. In *Arnsteen v U S Equip Co,* 390 Mich 776 (1973), this Court ruled that a question concerning the sufficiency of the evidence can be raised on appeal although the question whether the evidence was sufficient had not been raised in the trial court.[4]

On the same principle that reversal of the trial

---

[3] MCR 7.216(B). Cf. *Grettenberger Pharmacy, Inc v Blue Cross-Blue Shield of Michigan,* 120 Mich App 354; 327 NW2d 476 (1982).

[4]

A claim that there is *insufficient* evidence to support a verdict or decision is not addressed to the discretion of the trial judge and may be raised on appeal without a motion for a new trial. Similarly, a claim that findings of fact by a judge sitting without a jury are *clearly erroneous* can be raised without invoking the discretion of the trial judge and, accordingly, may be raised on appeal although no exception has been taken at the trial level to the finding or decision claimed to be clearly erroneous. GCR 1963, 517.1. [Emphasis in original. *Arnsteen v U S Equip Co,* 390 Mich 776, 777 (1973).]

court by the Court of Appeals without remand to the trial court was erroneous because it deprived the trial court of the power to exercise its discretion whether to order a new trial,[5] reversal of the Court of Appeals by this Court without remand to the Court of Appeals is erroneous because it deprives that Court of the power to exercise its discretion whether to remand to the trial court to consider a delayed motion for judgment notwithstanding the verdict asserting that the evidence is insufficient to support the verdict.

II

The opinion of the Court indicates that although a defendant may have failed to file a motion for judgment notwithstanding the verdict, the Court of Appeals may, on a "showing of compelling or extraordinary circumstances amounting to a fundamental miscarriage of justice,"[6] consider the sufficiency of the evidence. The opinion does not indicate what would constitute extraordinary circumstances amounting to a fundamental miscarriage of justice.[7] Nor does it indicate whether the "compelling or extraordinary circumstances" amounting to a fundamental miscarriage of justice must appear on the record already made, or the Court of Appeals may remand to the trial court to permit expansion of the record to make such a showing, and if so why remand should not be ordered in the instant case.

The opinion of the Court refers to the treatise of

[5] Cf. *Cone v West Virginia Pulp & Paper Co, supra;* Moore, Federal Practice, *supra.*

[6] *Ante,* pp 237-238.

[7] Nor does it consider how that "standard" relates to the standard provided in the court rules allowing the Court of Appeals to extend the time for doing any act on a showing of good cause or that it was not due to culpable negligence. See MCR 7.216(B).

Professors LaFave and Israel,[8] to *People v Farmer,*
380 Mich 198, 208; 156 NW2d 504 (1968),[9] and to
federal cases.[10] Professors LaFave and Israel quote
the discussion in Professor Wright's treatise of
what constitutes "plain error" justifying appellate
court intervention absent preservation of the issue.
Professor Wright's statement, as quoted by LaFave
& Israel, is illuminating:

> Courts have endeavored to put a gloss on the
> rule by defining the kind of error for which they
> can reverse under Rule 52(b). Thus it is said that
> "plain error" means "error both obvious and sub-
> stantial," or "serious and manifest errors," or
> "seriously prejudicial error," or "grave errors
> which seriously affect substantial rights of the
> accused." Perhaps these attempts to define "plain
> error" do not harm, but it is doubtful whether
> they are of much help. The sounder perception is
> that when an appellate court should take notice of
> an error not raised below must be made on the
> facts of the particular case, and there are no "hard
> and fast classifications in either the application of
> the principle or the use of a descriptive title."
> Indeed the cases give the distinct impression that
> "plain error" is a concept appellate courts find
> impossible to define, save that they know it when
> they see it.[11]

Professors LaFave and Israel observed:

> Consistent with Professor Wright's analysis,
> opinions frequently stress that "no talismanic
> method exists for determining plain error," and
> each case must be examined on its own facts.
> There are, however, certain factors which clearly

---

[8] 3 LaFave & Israel, Criminal Procedure, § 26.5(d).

[9] *Farmer* does not define what constitutes a miscarriage of justice.

[10] *Ante,* p 234, n 3.

[11] 3A Wright, Federal Practice and Procedure: Criminal (2d ed), § 856,
pp 336-337.

have a positive influence on the application of the doctrine. The more closely balanced the evidence, for example, the greater the likelihood that an error otherwise not viewed as sufficiently patent or fundamental will meet the standard. Courts also acknowledge that errors of constitutional magnitude will be noticed more freely under the plain error doctrine than violations of most statutes or common law standards.[12]

### III

There are indeed a considerable number of decisions of the United States Courts of Appeals that might be cited as verbal support for the statement in 5A Moore, Federal Practice, ¶ 50.05[01], that a federal "appellate court cannot review the sufficiency of the evidence in the absence of an unwaived motion for a directed verdict, except for plain error amounting to a miscarriage of justice, whereupon it may grant a new trial, although it lacks the power to enter judgment for the appellant."

In none of the cases cited in Moore, however, did a United States Court of Appeals inquire whether there was a miscarriage of justice separate and apart from the entry of a judgment on a jury verdict unsupported by evidence. Additional research unearthed no case where such a separate inquiry was actually made. It appears that the federal appellate courts equate a judgment based on insufficient evidence with "plain error amounting to a miscarriage of justice," and that in practice they may and do search the record to determine whether there is sufficient evidence without making such a separate inquiry and without regard to whether there was a motion for a directed

---

[12] 3 LaFave & Israel, Criminal Procedure, § 26.5(d), p 256.

verdict, a motion for judgment notwithstanding the verdict,[13] or a motion for a new trial.[14]

The verbal formulation speaking of plain error amounting to a miscarriage of justice, appears, in light of the actual practice, to be table thumping designed perhaps to let it be known that the court is troubled about reviewing the sufficiency of the evidence when the issue has not been preserved. Although an appellate court may be uneasy when it does so, a verdict unsupported by evidence cannot stand because to allow it to stand would be unjust or, if one prefers, plain error amounting to a manifest miscarriage of justice.[15]

IV

As set forth in LaFave and Israel, a court is more likely to notice an error of constitutional magnitude as plain error. The United States Supreme Court has held that a conviction without sufficient evidence is violative of the Due Process

[13] See *Urti v Transport Commercial Corp,* 479 F2d 766 (CA 5, 1973); *Oliveras v American Export Isbrandtsen Lines, Inc,* 431 F2d 814 (CA 2, 1970); and *Sojak v Hudson Waterways Corp,* 590 F2d 53, 54-55 (CA 2, 1978); *Coughlin v Capitol Cement Co,* 571 F2d 290, 297-298 (CA 5, 1978); *Dunn v Sears, Roebuck & Co,* 639 F2d 1171 (CA 5, 1981); *Little v Bankers Life & Casualty Co,* 426 F2d 509, 511 (CA 5, 1970); *Russo v New York,* 672 F2d 1014, 1022 (CA 2, 1982); *United States v Harrell,* 133 F2d 504, 506-507 (CA 8, 1943); *Jones v City of St Clair,* 804 F2d 478, 479-480 (CA 8, 1986).

See also *Pickard v Maritime Holdings Corp,* 161 So 2d 239, 242 (Fla App, 1964); *DeLorenzo v Great Atlantic & Pacific Tea Co,* 4 Conn App 560, 563; 495 A2d 1106 (1985); *Peppers v Veres,* 168 Ga App 367, 369; 309 SE2d 388 (1983).

[14] The opinion of the Court notes that the defendant did not move for a new trial. That is not surprising. A defendant asserting that the evidence is insufficient to support a finding or verdict for the plaintiff does not seek a new trial, but rather dismissal of the complaint. It is the plaintiff who, on a finding that the evidence is insufficient, may seek a new trial and thereby an opportunity to cure the insufficiency. See n 1.

[15] *Arnsteen, supra.*

Clause,[16] and that concept has been extended to civil actions.[17]

One could, of course, make a distinction—and the opinion of the Court suggests that a distinction might properly be made—between a civil and a criminal case in deciding whether to recognize as plain error an insufficiency in the evidence.

On principle, however, it is we think difficult to defend a distinction that says in effect that an appellate court will recognize as plain error, i.e., absent preservation, insufficiency of the evidence in a criminal case because liberty is involved, but will not in a civil case recognize as plain error an insufficiency in the evidence because only property is involved. Both property and liberty are protected under the Due Process Clause. This Court is not justified in suggesting that in a civil case—in contrast with a criminal case—a judgment based on insufficient evidence is not violative of the Due Process Clause or that insufficiency of evidence should not be recognized as plain error justifying appellate court intervention absent preservation of the issue.

v

Neither do we think that this Court should associate itself with the view that there is a dis-

[16] *Thompson v Louisville,* 362 US 199, 205-206; 80 S Ct 624; 4 L Ed 2d 654 (1960); *Vachon v New Hampshire,* 414 US 478, 480-481; 94 S Ct 664; 38 L Ed 2d 666 (1974); *Harris v United States,* 404 US 1232, 1233-1234; 92 S Ct 10; 30 L Ed 2d 25 (1971); *Johnson v Florida,* 391 US 596, 597-599; 88 S Ct 1713; 20 L Ed 2d 838 (1968); *Adderley v Florida,* 385 US 39, 44-45; 87 S Ct 242; 17 L Ed 2d 149 (1966).

See also *Jackson v Virginia,* 443 US 307, 322-324; 99 S Ct 2781; 61 L Ed 2d 560 (1979).

[17] *In re Japanese Electronic Products,* 723 F2d 238, 304, n 55 (CA 3, 1983), rev'd on other grounds sub nom *Matsushita Electric Industrial Co v Zenith Radio Corp,* 475 US 574; 106 S Ct 1348; 89 L Ed 2d 538 (1986); *Spruytte v Walters,* 753 F2d 498, 509 (CA 6, 1985).

tinction between the findings of a trial judge and a jury verdict for this purpose. Manifestly, the sufficiency of the evidence to warrant submission to the trier of fact is to be decided without regard to whether the trier of fact is a judge or a jury. If the question whether the evidence was sufficient had been properly preserved by motion for directed verdict or judgment notwithstanding the verdict, it could not seriously be contended that, because of the greater deference accorded a jury's verdict as compared to a judge's findings,[18] a verdict for the plaintiff cured an error in submitting the question for jury consideration.

While there is greater scrutiny of a decision of a trial judge under the "clearly erroneous" standard than of a jury verdict,[19] on the question whether there is sufficient evidence to justify submission to the trier of fact there is no distinction between submission to a judge and submission to a jury. Nor can a distinction properly be drawn between a judge's finding and a jury's verdict in determining whether there is plain error justifying appellate court intervention absent preservation of the issue.

## VI

Now that the court rule no longer requires a directed verdict as a precondition for a motion for judgment notwithstanding the verdict,[20] the failure to move before verdict is not a failure to preserve the issue. A defendant is thus no longer required to raise the question whether the evidence is

---

[18] *Schneider v Pomerville,* 348 Mich 49, 54-55; 81 NW2d 405 (1957); *Tuttle v Dep't of State Hwys,* 397 Mich 44, 46; 243 NW2d 244 (1976).

[19] *Id.*

[20] Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), R 2.610, p 452.

sufficient while the plaintiff can yet cure before verdict an insufficiency in the evidence.[21]

In that context, there is little loss of "judicial efficiency" in permitting a delayed motion for judgment notwithstanding the verdict. The appellate process would be delayed by the time that it would take for the trial court to consider the motion, which may be no longer than the time that would have been consumed had the motion been timely filed. In all events, those are considerations for the Court of Appeals to take into account in deciding whether to exercise its discretion to allow remand for filing a delayed motion for judgment notwithstanding the verdict.

## VII

In sum, we agree that trial court assessment should precede appellate court assessment of the record respecting the sufficiency of evidence. We see nothing of substance in the proffered civil/criminal, trial judge/jury distinctions that distinguishes the instant case from *Arnsteen* on the question whether an appellate court should recognize as plain error an insufficiency of the evidence to support a judgment.

We would recognize that the Court of Appeals has discretion, to be exercised case by case, to remand to the trial court for the filing by the defendant of a delayed motion for judgment notwithstanding the verdict, vacate its decision, and remand to it to consider whether the cause should be so remanded.[22]

[21] But see Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), R 2.610, p 453.

[22] We recognize that this case was decided by the trial and appeals courts under the General Court Rules, and we have been referring to the Michigan Court Rules. The Michigan Court Rules govern all

BRICKLEY, J., concurred with LEVIN, J.

further actions and proceedings that are still pending, unless the application of the Michigan Court Rules would not be feasible or would work injustice. MCR 1.102.