KELLY, J.
{concurring in part and dissenting in part). I agree with the majority that tolling is mandatory under the Servicememhers Civil Relief Act (SCRA)[1] and that the tolling provision[2] can be waived by both a servicemember and a nonservicemember. I also agree that the nonservicemember plaintiff waived the provision in this case by failing to raise it in the trial court. *398 However, I conclude that remanding this matter to the Court of Appeals is necessary to avoid a possible miscarriage of justice. There is some evidence that defendant was evading service of process. If so, it would be unjust to permit him to avoid liability on the basis of plaintiffs failure to raise the tolling provision in the trial court. This is a compelling circumstance that permits appellate review of the unpreserved claim that the SCRA tolled the period of limitations.[3]
This Court has the power to enter any order and grant relief as the case requires. MCR 7.316(A)(7). I would direct the Court of Appeals to determine whether, to avoid a miscarriage of justice, this case should be remanded to the Jackson Circuit Court. In that court, plaintiff could develop a complete record concerning matters relevant to whether the SCRA tolled the period of limitations applicable to plaintiffs claim against defendant Nathan Nadell. Such a record would include facts concerning defendant’s periods of military service and his alleged evasion of service of process.

 50 USC Appendix 501 et seq.

 50 USC Appendix 526(a).

 See Napier v Jacobs, 429 Mich 222, 232-233; 414 NW2d 862 (1987).