*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MOBILE MRI STAFFING, LLC,

        Plaintiff-Appellee,

v

AUTO-OWNERS INSURANCE COMPANY and
HOME-OWNERS INSURANCE COMPANY,

        Defendants-Appellants.

UNPUBLISHED
July 15, 2021

No. 353873
Oakland Circuit Court
LC No. 2019-176903-NF

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendants Auto-Owners Insurance Company and Home-Owners Insurance Company appeal as of right the circuit court's order denying their motion for the determination and enforcement of sanctions. On appeal, defendants argue that the circuit court erred by denying their motion without first holding a hearing and that the circuit court abused its discretion when it declined to award defendants attorney fees and costs. We affirm.

## I. FACTUAL BACKGROUND

This matter arises out of a no-fault action filed by plaintiff, Mobile MRI Staffing, LLC, for the collection of assigned insurance benefits. After plaintiff filed its complaint and defendants filed their answer, defendants moved for summary disposition under MCR 2.116(C)(8) and (10). In doing so, defendants asserted that plaintiff had filed a frivolous complaint such that defendants were entitled to recover sanctions. Ultimately, the circuit court granted defendants' motion for summary disposition under MCR 2.116(C)(10). The circuit court also granted defendants' request for sanctions but clarified that the request was granted "*with the caveat* that the amount of sanctions to be awarded must be pursued by a separate (supported) motion within 28 days of the entry date of this Opinion and Order or else they will be deemed abandoned." Defendants subsequently filed two uncontested motions for the determination and enforcement of sanctions, both of which were denied without a hearing. This appeal followed.

## II. EVIDENTIARY HEARING

The circuit court did not plainly err when it denied defendants' motion for the determination and enforcement of the previous sanctions award without holding a hearing.

For an issue to be preserved for appellate review, it must be raised in the trial court. *Glasker-Davis v Auvenshine*, ___ Mich App ___; ___ NW2d ___ (2020) (Docket No. 345238); slip op at 3. "[I]ssue preservation requirements only impose a general prohibition against raising an issue for the first time on appeal." *Id.* at ___; slip op at 3 (citation omitted). In the circuit court, defendants never requested a hearing regarding the determination and enforcement of the previous sanctions award. Additionally, the circuit court did not consider whether a hearing was appropriate on its own initiative. Thus, this argument is unpreserved. Considering that preservation requirements impose a general prohibition against raising an issue for the first time on appeal, we need not address this issue. *Id.* at ___; slip op at 3.

Although courts regularly enforce the preservation rule, our Supreme Court has recognized that appellate courts have the discretion to review unpreserved issues on appeal. *Napier v Jacobs*, 429 Mich 222, 233; 414 NW2d 862 (1987). In civil cases, "this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006).

Even if we were to overlook the preservation requirements in this matter because this issue involves a question of law and the facts necessary for its resolution have been presented, defendants' assertion regarding the necessity of an evidentiary hearing lacks merit. This Court reviews unpreserved issues in civil cases for plain error affecting a litigant's substantial rights. *Duray Development, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). Plain error affects a litigant's substantial rights if the party is prejudiced by the error, meaning that the error affected the outcome of the lower court proceedings. *Duray Development, LLC*, 288 Mich App at 150.

"[T]he burden of proving the reasonableness of the requested fees rests with the party requesting them." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.). "If a factual dispute exists over the reasonableness of the hours billed or hourly rate claimed by the fee applicant, the party opposing the fee request is entitled to an evidentiary hearing to challenge the applicant's evidence and to present any countervailing evidence." *Id.* at 532 (opinion by TAYLOR, C.J.). In the instant matter, defendants presented evidence in an attempt to meet their burden to establish the reasonableness of the requested attorney fees. However, plaintiff did not oppose the fee request and did not request an evidentiary hearing to contest the evidence presented by defendants. If plaintiff had done so, plaintiff would have been entitled to an evidentiary hearing as the party opposing the fee request. In contrast, defendants were not entitled to an evidentiary hearing because the fee request was unopposed. Accordingly, the circuit court did not plainly err when it denied defendants' motion for the determination and enforcement of the previous sanctions award without holding a hearing.

III. ATTORNEY FEES

The circuit court did not abuse its discretion when it declined to award defendants attorney fees.

This Court reviews for an abuse of discretion a trial court's decision whether to award attorney fees. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith*, 481 Mich at 526 (opinion by TAYLOR, C.J.).

"Generally, a party requesting a postjudgment award of attorney fees must show both that the attorney fees were incurred and that they were reasonable." *Souden v Souden*, 303 Mich App 406, 415; 844 NW2d 151 (2013). When attorney fees are awarded, the amount awarded is for reasonable fees, not actual fees. *Smith*, 481 Mich at 528 (opinion by TAYLOR, C.J.). There is no precise formula for assessing the reasonableness of an attorney fee. *In re Temple Marital Trust*, 278 Mich App 122, 138; 748 NW2d 265 (2008). However, the factors that should be considered include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent. [*Smith*, 481 Mich at 530 (opinion by TAYLOR, C.J.).]

"In order to aid appellate review, the court should briefly indicate its view of each of the factors." *Id*. at 537.

At the outset, defendants fail to distinguish between the evidence presented in support of their initial motion for the determination and enforcement of sanctions and the evidence presented in their amended motion for the determination and enforcement of sanctions. Defendants have also failed to present any support for their theory that they were permitted to file successive motions to establish the reasonableness of the attorney fees incurred. Furthermore, when the circuit court granted defendants' initial request for sanctions, the circuit court clarified that defendants' request for sanctions was granted "*with the caveat* that the amount of sanctions to be

-3-

awarded must be pursued by a separate (supported) motion within 28 days of the entry date of this Opinion and Order or else they will be deemed abandoned." The circuit court did not state that defendants were permitted to file successive motions to establish the reasonableness of the attorney fees incurred, and defendants did not file their amended motion for the determination and enforcement of sanctions until after the 28-day deadline had expired. For these reasons, our analysis will be limited to the evidence presented by defendants in support of their initial motion for the determination and enforcement of sanctions.

In defendants' initial motion for the enforcement and determination of sanctions, the only evidence presented by defendants regarding the reasonableness of the attorney fees incurred was a billing and expense report indicating that defendants incurred attorney fees and costs in the amount of $3,396.65. Although the billing and expense report indicated that the expenses were incurred at a fixed hourly rate and showed the time and labor involved, defendants failed to present any evidence regarding the skill involved in litigating the matter, the likelihood that acceptance of the employment precluded other employment by the attorneys, the time limitations imposed by the client or the circumstances, the nature and length of the professional relationship with the client, or the professional standing and experience of the attorneys. Most notably, defendants failed to present any evidence regarding the fee customarily charged in that locality for similar services. Indeed, defendants did not submit an article detailing the median billing rates for attorneys in Michigan until they filed their amended motion for the determination and enforcement of sanctions. Accordingly, defendants failed to establish a basis under which the circuit court could judge the reasonableness of the attorney fees charged. In reaching this conclusion, the circuit court appropriately referenced each of the factors set forth in *Smith*, 481 Mich at 529-530 (opinion by TAYLOR, C.J.), and explained that most of the factors were ignored. Therefore, the circuit court's decision did not fall outside the range of reasonable and principled outcomes, given that it expressly required that the motion for sanctions be "supported" and defendants failed to do so.

## IV. CONCLUSION

There were no errors warranting relief. Accordingly, we affirm.

/s/ Michael J. Riordan
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

-4-