*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW J. KRIEG,

Plaintiff-Appellee/Cross-Appellant,

v

KATHERINE A. BALEJA, formerly known as
KATHERINE A. KRIEG,

Defendant-Appellant/Cross-Appellee.

UNPUBLISHED
October 20, 2022

No. 359264
Gratiot Circuit Court
LC No. 16-003404-DM

Before: M. J. KELLY, P.J., and CAMERON and HOOD, JJ.

M. J. KELLY, P.J. (*concurring*).

I concur in the majority's decision to affirm the trial court's child-custody order. I write separately because, for the reasons stated more thoroughly in my concurring opinion in *Mr. Sunshine v Delta College Bd of Trustees*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358042) (M. J. KELLY, P.J., concurring), I would apply our Supreme Court's raise-or-waive jurisprudence to defendant's unpreserved issue as opposed to a plain-error analysis. In my view, the majority erroneously relies instead on cases from this Court that apply the plain-error standard stated by our Supreme Court in *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999), to unpreserved issues raised in juvenile-delinquency proceedings, see *In re Diehl*, 329 Mich App 671; 944 NW2d 180 (2019), and child protective proceedings, see *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008) and *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011). Juvenile-delinquency proceedings are criminal in nature, so the standard from *Carines* is appropriate in *Diehl*. Moreover, our Supreme Court has applied the plain-error standard to child protective proceedings. See *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019). However, the case before this Court is a civil case involving child custody. Our Supreme Court has long-held that the failure to preserve an issue for appellate review in a civil case generally waives review of that issue on appeal. *Napier v Jacobs*, 429 Mich 222, 227; 414 NW2d 862 (1987); *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Because our Supreme Court's opinions in

-1-

*Napier* and *Walters* are binding precedent,[1] I would find that by failing to raise the issue in the trial court, defendant has waived review of it on appeal.

/s/ Michael J. Kelly

---

[1] See *Paige v City of Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006) (stating that all lower courts are bound by a decision issued by our Supreme Court until such time that the Supreme Court itself overrules that decision).