*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JONATHAN F. BEARD,

Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE, also
known as PROGRESSIVE MARATHON
INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
September 14, 2023

No. 360695
Wayne Circuit Court
LC No. 21-016469-NF

Before: PATEL, P.J., and SWARTZLE and HOOD, JJ.

SWARTZLE, J. (*concurring in part, dissenting in part, and concurring in the judgment*).

I respectfully concur in part, dissent in part, and concur in the judgment. I agree with the majority's analysis in all respects with the exception of the majority's discussion of the plain-error standard (including footnote 4) and Part IV. I would not reach the subrogation issue because it was not raised—or, for that matter, glanced at, even with a side-eye—before the trial court. Under our "raise or waive" jurisprudence in traditional civil matters, *Napier v Jacobs*, 429 Mich 222, 232-234; 414 NW2d 862 (1987), Beard waived appellate review on this claim. Although I acknowledge that there is published case law for applying the *Carines* plain-error review in this circumstance, see, e.g., *Henderson v Dep't of Treasury*, 307 Mich App 1, 9; 858 NW2d 733 (2014), for reasons similar to those set forth by Judge M.J. KELLY in his concurring opinion in *Mr Sunshine v Delta College Bd of Trustees*, __ Mich App __, __; __ NW2d __ (2022) (M.J. KELLY, P.J., concurring), I believe that the sounder approach in traditional civil appeals like this is the "raise or waive" rule.

Until a conflicts panel of this Court (of which I am *not* calling for here, given that the matter is not outcome determinative, MCR 7.215(J)(3)(a)) or our Supreme Court definitively settles this matter (again), panels of this Court will continue to apply inconsistent standards of review to unpreserved claims in cases like this. In the meantime, litigants and trial courts will suffer from the uncertainty engendered by our inconsistency. While it might just be easier to get in-line with the least-restrictive approach (here, the *Carines* plain-error standard), I believe that precedent, principle, and prudence all favor the stricter standard in run-of-the-mill civil matters like this one.

Accordingly, I respectfully dissent with respect to the majority's decision to reach the merits of the subrogation argument, and I otherwise concur as to the remainder of its opinion and the judgment.

/s/ Brock A. Swartzle