*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

AMY MCCORMICK and ROBERT MCCORMICK,

       Plaintiffs-Appellants,

v

MICHIGAN STATE UNIVERSITY COLLEGE OF LAW,

       Defendant-Appellee.

UNPUBLISHED
July 11, 2024

No. 362932
Ingham Circuit Court
LC No. 22-000007-CK

---

Before: LETICA, P.J., and N. P. HOOD and MALDONADO, JJ.

N. P. HOOD, J. (*concurring*).

I agree with the analysis and conclusions in the majority opinion. I write separately as it relates to the conclusion in Section V, regarding waiver. There, relying on this Court's decision in *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 2-5, we conclude that under the so-called "raise-or-waive rule," plaintiffs waived their argument regarding fraudulent transfer by failing to raise it below.

But it is unclear whether *Tolas* was correctly decided. *Cf. Wischmeyer v Schanz*, 449 Mich 469, 483& n 26; 536 NW2d 760 (1995) (applying the plain-error standard to an unpreserved error in the civil context); *Lenawee Co v Wagley*, 301 Mich App 134, 164-165; 836 NW2d 193 (2013) (applying the same); *Tillman Indus Props, LLC v Mercantile Bank Mortgage Co, LLC*, unpublished per curiam opinion of the Court of Appeals, issued May 9, 2024 (Docket No. 361369) (applying the same).[1] See also MRE 103(e). *Tolas* revisited precedent from our Supreme Court to effectively overrule prior decisions of this Court and resolve conflicting Court of Appeals precedent without a conflict panel as normally required under MCR 7.215(J)(2) and (3). Compare *Tolas*, ___ Mich App at ___; slip op at 2-5 (interpreting *Napier v Jacobs*, 429 Mich 222; 414

---

[1] Unpublished opinions are not precedentially binding but may be persuasive or instructive. *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5; 957 NW2d 858 (2020); MCR 7.215(C)(1).

NW2d 862 (1987), to hold that our Supreme Court unambiguously requires application of the so-called raise-or-waive rule to civil cases) with *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 194 n 5; 920 NW2d 148 (2018) (noting that the Michigan Supreme Court has yet to hold that plain-error is the correct or only standard to apply to civil cases). The *Tolas* Court acknowledged that this Court has applied the plain-error standard to civil cases. See *Tolas*, ___ Mich App at ___; slip op at 3 (citing as example *Henderson v Dep't of Treasury*, 307 Mich App 1, 9, 858 NW2d 733 (2014), and noting that *Henderson* did not address the distinction between criminal and civil contexts for preservation purposes). This Court previously acknowledged this inconsistency in *Shah*, 324 Mich App at 194 n 5 (citing *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), as an example of application of the plain-error standard to civil cases). Unlike *Tolas*, in *Shah*, this Court also acknowledged that our Supreme Court has also applied both standards. *Shah*, 324 Mich App at 194 n 5 (citing as example *Wischmeyer*, 449 Mich at 483 & n 26). In *Shah*, this Court declined to resolve the conflict, but appeared to acknowledge that there may be certain civil contexts where the plain-error standard applies. *Id.* *Tolas* did not address *Shah* or *Wischmeyer*. Instead, it recharacterized the holding in *Napier*, 429 Mich at 222, as imposing a firm rule that the raise-or-waive rule always applies to civil cases, when *Napier* held that it generally applies to civil cases. Compare *Tolas*, ___ Mich App at ___; slip op 4-5, with *Napier*, 429 Mich at 227-228, 231-233 (noting throughout its analysis that raise-or-waive is the general rule).

Despite the possibility that *Tolas* is wrong, the nature of the decision likely forecloses this panel's ability to recommend a conflict panel because the myriad exceptions to the so-called raise-or-waive standard (i.e., avoiding manifest injustice, necessity, sufficient facts to resolve a question of law) mean that the effect of *Tolas* will never be outcome-determinative. See MCR 7.215(J)(3)(a) (providing that "[s]pecial panels may be convened to consider outcome-determinative questions only."). Historically, the Court has easily found qualifying exceptions. See, e.g., *Compagner v Burch*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359699); slip op at 12 & n 22 (exercising an exception to the so-called raise-or-waive rule to address an unpreserved argument in a civil case first raised in a motion for reconsideration and also addressing a constitutional issue not raised by the parties); *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (exercising an exception to the so-called raise-or-waive rule to address an unpreserved issue involving the implied warranty of habitability); *In re Conservatorship of Murray*, 336 Mich App 234, 240-242; 970 NW2d 372 (2021) (finding no manifest necessity, but exercising the Court's inherent "discretion to nevertheless address the issue because the issue involves a question of law and the facts necessary for its determination have been presented."). See also *Napier*, 429 Mich at 231-235 (reversing this Court's decision to address an unpreserved issue under the miscarriage-of-justice exception). Unlike plain-error review, which is a predictable—albeit unforgiving—standard without exception, the "raise-or-waive" rule allows a given panel to simply ignore waiver by invoking one of the many exceptions within the raise-or-waive standard. *Tolas*, therefore, is unlikely to ever be outcome-determinative.


/s/ Noah P. Hood

-2-