# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 23, 2020

158141

KAITLIN HAHN,
         Plaintiff-Appellee,

v

GEICO INDEMNITY COMPANY,
         Defendant-Appellant,
and

AUTOMOBILE CLUB INSURANCE
ASSOCIATION,
         Defendant.
_____/

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC: 158141
COA: 336583
Oakland CC: 2016-152229-NF

On January 8, 2020, the Court heard oral argument on the application for leave to appeal the June 12, 2018 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring in part and dissenting in part*).

In an order directing the Clerk to schedule oral argument on Geico Indemnity Company's application for leave to appeal, this Court asked for supplemental briefing on "(1) [whether] MCL 500.3012 permits the reformation of a non-Michigan insurance contract to comply with the requirements of the Michigan no-fault act, MCL 500.3101 *et seq*[.]; and (2) [whether] *Farm Bureau Ins Co v Allstate Ins Co*, 233 Mich App 38 (1998), was correctly decided, and if not, whether it should be overruled." I concur with the Court's denial of leave to appeal on these two questions. While Geico argues in its application for leave in this Court that MCL 500.3012 does not require reformation and that *Farm Bureau* was incorrectly decided, Geico did not raise these arguments in the trial court or in its application for leave to appeal in the Court of Appeals. Under our jurisprudence, a litigant must generally preserve an issue for appellate review by raising it in the trial court. *Walters v Nadell*, 481 Mich 377, 387 (2008). In discussing this requirement, this Court has stated:

> The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful. [*Id.* at 388 (citations omitted).]

Here, the rationale underlying preservation strongly favors not reaching the two questions presented in this Court's order because: (1) the parties, up through Hahn's supplemental briefing response, were still crafting their arguments regarding whether MCL 500.3012 permits reformation; and (2) Geico affirmatively relied upon *Farm Bureau* in the trial court. Finally, where Geico seeks leave to appeal from an interlocutory order denying summary disposition before the close of discovery, Geico cannot establish that a "miscarriage of justice," "fundamental error," or "egregious result" will follow from this Court's enforcing the preservation requirement. *Napier v Jacobs*, 429 Mich 222, 233, 235 (2008).

However, I would grant leave to appeal on the narrower and preserved question of whether the insurance policy issued by Geico purported to be a Michigan insurance policy. *Farm Bureau* concluded that "the basic purpose of [MCL 500.3012] is to treat an insurance policy that an insurer issues *purporting* to be a Michigan policy that complies with Michigan law as such even if the written terms of the policy are inconsistent with Michigan law." 233 Mich App at 41 (emphasis altered). Under this conclusion, if an insurance policy purports to be a Michigan policy but neither disclaims nor provides no-fault coverage in accordance with MCL 500.3101 *et seq*., a court should reform the policy by reading no-fault coverage into the policy. In determining whether a policy purports to be a Michigan policy and thus is subject to reformation, the Court of Appeals focuses upon whether the insurer knew or should have known that the insured was a Michigan resident. See *id*. at 43-44 (policy did not purport to be Michigan policy where insurer had reason to believe insured was Indiana resident); see also *Auto-Owners Ins Co v Integon Nat'l Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2015 (Docket No. 321396), pp 5-7 (declining to reform policy where evidence did not show insureds were Michigan residents at time insurer issued the policy); *Gordon v Geico Gen Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued March 20, 2012 (Docket No. 301431), p 4 (policy purported to be Michigan policy where, given representations by insured, insurer "knew, or should have known, that it was dealing with a Michigan resident who would at least be traveling frequently to Michigan"); *Williams v Allstate Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued May 10, 2002 (Docket No. 229005), pp 2-3 (declining to reform policy where there was "no evidence from which to conclude that [the insurer] reasonably should have known that [the insureds] were Michigan residents").

An insurer's knowledge of the insured's residency may well be a useful consideration in determining whether a policy purports to be a Michigan policy. However, I do not believe the insured's residency constitutes a necessary or a sufficient condition in determining whether a policy purports to be a Michigan policy. As is evident from the facts of the instant case, some Michigan residents are required to obtain non-Michigan policies. See NC Gen Stat 20-309 (requiring North Carolina insurance if vehicle is registered in North Carolina). At the same time, some non-Michigan residents are required to obtain policies providing Michigan no-fault coverage. See MCL 500.3102(1) (requiring nonresident who operates a vehicle in Michigan for more than 30 days a year to procure

Michigan no-fault insurance).  And the parties have not identified any law of this state that requires an insurer to offer a person seeking insurance the complete range of in-state and out-of-state policies that he or she must obtain under the laws of Michigan and all other states.  Cf. *Johnson v USA Underwriters*, 328 Mich App 223, 244-245 (2019) (allowing insurer to sell optional or supplemental insurance coverage apart from required Michigan no-fault coverage).  Thus, in my opinion, when the trial court embarks upon determining whether a policy "purports" to be a Michigan policy, it must, in addition to assessing the insured's residency, further consider: (1) the representations and interactions between the insured and the insurer when forming the policy, (2) the language of the policy, and (3) any other circumstance that reasonably bears upon the intentions of the insured and the insurer in purchasing and delivering the policy.  Such an analysis would provide a more complete and accurate framework than does *Farm Bureau* and its progeny for determining whether the parties intended to form a *Michigan* insurance policy subject to reformation under MCL 500.3012.

Thus, while I concur with the denial of leave on the two questions identified in this Court's order directing the Clerk to schedule oral argument on Geico's application for leave to appeal, I respectfully dissent from our denial of leave on the more narrow and preserved question of whether the policy issued by Geico "purports" to be a Michigan policy.  Furnishing a coherent framework for determining whether a policy purports to be a Michigan policy would have provided lower courts with some much needed statutory clarification and guidance.  It is regrettable that we pass up the opportunity to do so after having taken the time to hear oral argument on Geico's application for leave to appeal.

BERNSTEIN, J., did not participate because he has a family member with an interest that could be affected by the proceeding.

CAVANAGH, J., did not participate due to her prior relationship with Garan Lucow Miller, P.C.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 23, 2020



Clerk

b0303